NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JERMAINE WRIGHT,<br><br>Defendant - Appellant. | No. 22-50223<br><br>D.C. No.<br>5:17-cr-00229-JGB-01<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted September 11, 2024**
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Jermaine Wright appeals his conviction for attempted arson of a building

affecting interstate commerce, 18 U.S.C. §844(i). We have jurisdiction under 28

U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Wright decided to burn down his restaurant, Fat Boyz Grill, to collect on its $300,000 insurance policy and solicited an electrician to help him. But Wright was in fact talking to an undercover FBI agent. On the day of the planned arson, the FBI executed a search warrant at Fat Boyz Grill, interviewed Wright, and photographed packaged food products and equipment inside the restaurant. Wright contends that the district court abused its discretion by (1) giving a jury instruction that impermissibly invaded the province of the jury, and (2) admitting hearsay portions of photographed labels of items found inside his restaurant. We disagree.

1. <u>Jury Instruction 18 was proper.</u> The district court informed the jury in Instruction 17 that, to convict Wright, it had to find that: (1) he intended to damage or destroy real property, (2) the real property was used in interstate or foreign commerce or was used in an activity affecting interstate commerce, (3) he acted maliciously, and (4) he took a substantial step towards committing the crime. Relevant here, jury instruction 18 explained what it means for property to be used in or affect interstate commerce:

> A building is "used in interstate commerce or in an activity affecting interstate commerce" if it contains business or residential rental units and is used as a rental property.
> A functioning restaurant is commercial property; and as a commercial enterprise, it has a substantial effect on interstate commerce.
> All business property has a substantial effect on interstate commerce.

Wright contends Instruction 18 invaded the province of the jury on an essential element of the arson charge. We review jury instructions for abuse of discretion. *See United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc). We review jury instructions holistically to determine "whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (quotation marks omitted).

We reject Wright's challenge because Instruction 18 merely stated the applicable law. Instruction 18 derives from binding Supreme Court and Ninth Circuit case law holding that rental properties, restaurants, and business properties *per se* have substantial effects on interstate commerce.[1] The jury still had to answer the factual question of whether the property Wright intended to burn down qualified as a functioning restaurant or otherwise qualified as a building "used in interstate commerce or in an activity affecting interstate commerce" as defined in Instruction 18. Instruction 18 correctly relegated all predicate factual determinations to the jury,

---

[1] *See Russell v. United States*, 471 U.S. 858, 862 (1985) (holding that 18 U.S.C. § 844(i) "only applies to property that is 'used' in an 'activity' that affects commerce," and that "[t]he rental of real estate is unquestionably such an activity"); *United States v. Garcia*, 768 F.3d 822, 828–31 (9th Cir. 2014) (applying *Russell*'s *per se* rule that all rental property affects interstate commerce); *United States v. Serang*, 156 F.3d 910, 913–14 (9th Cir. 1998) (holding that a restaurant, as a commercial enterprise, *per se* substantially affects interstate commerce).

which heard extensive evidence that the property was used in or affected interstate commerce.

2. <u>The district court did not err in admitting photographed labels on the food products and equipment found in the restaurant.</u> Wright argues that the district court violated the hearsay rule when it admitted the photographed labels showing where the items were produced, distributed, or manufactured. When reviewing a trial court's admission of evidence over objection, we first "determine de novo whether the trial court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If so, evidentiary rulings are reviewed for an abuse of discretion and upheld "unless they are illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014) (quotation marks omitted).

Wright challenges the district court's reliance on the mechanical trace theory to admit the photographs, but even if the court erred in admitting the photographed labels, any error was harmless. The government established it was "more probable than not that the error did not materially affect the verdict." *United States v. Bailey*, 696 F.3d 794, 803 (9th Cir. 2012) (quotation marks omitted). The government introduced the photographs as one piece of evidence to satisfy 18 U.S.C. § 844(i)'s

interstate nexus element but introduced ample other interstate nexus evidence.  The admission of the photographs was at most a harmless error.

**AFFIRMED.**